SCHOTT, Judge,
dissenting in part:
I respectfully dissent from that portion of the majority opinion which reverses the judgment against the city and Stephen Re-boul.
My colleagues quote the observations of the trial judge at the end of the trial but they fail to consider the following comments he made in denying defendants’ motion for a new trial:
“The Court feels that there is enough testimony in the record that when the shoeshine boy started to aggravate the two police officers, which he was doing, had they flashed their badge to the young black shoeshine boy and told him, ‘we are police officers. Quit harassing us.’ If that were so Cheatham wouldn’t be dead. But all the back and forth stuff with the kid and back and forth led to this, led to that, led to Cheatham butting in so to speak and the Court feels that it would be contrary to what it had heard to grant a new trial.”
This reasoning is supported by the record. As off-duty policemen defendants were authorized to apprehend wrongdoers and preserve the peace of the community. They had the duty as policemen to prevent civil commotion and disorder. Furthermore, they were required by police regulations to carry their weapons.
Their dereliction under the circumstances consisted of an omission, i. e., a failure to assert and identify themselves as police officers before events deteriorated to the point where Cheatham and Reboul were fighting. My colleagues have directed their attention to the commission of the shooting itself in assessing the city’s vicarious liability, but in my view the city is liable because its employees failed to act reasonably and prudently under circumstances where that failure foreseeably could and in fact did precipitate Cheatham’s death.
In failing to act as reasonably prudent police officers defendants were negligent in the performance of their official duty and their negligence was properly imputed to their employer, the city. Jones v. City of Lake Charles, 295 So.2d 914 (La.App. 3rd Cir. 1974), Bourque v. Lohr, 248 So.2d 901 (La.App. 3rd Cir. 1971).
Because of my approach to liability I have no difficulty concluding that both De-Noux and Reboul were liable to plaintiff. They jointly owed the duty to act as reasonably prudent police officers under the circumstances, they jointly failed to discharge that duty and their failure created the risk of and ultimately caused the shooting.